IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Bank of America, N.A.      )
          Plaintiff,       )
                           )
     v.                    )   Case No. 1:09-cv-391(GBL)
                           )
AC Technology, Inc.,       )
          Defendant.       )

### Memorandum Order

THIS MATTER is before the Court on Defendants Earle D.
Munns' and Michael Andrew Byrd's Motion to Dismiss Fraud Counts
Four and Five; and Conversion Count Six of Plaintiff Bank of
America's Complaint.  Bank of America brought a suit against
corporate defendant AC Technology, Mr. Munns and Mr. Byrd, for
breach of contract, fraud, and conversion, based upon AC
Technology allegedly securing a bank line of credit based upon
false financial statements.  There are three issues before the
court.  First, whether Count Four, Fraud, and Count Five,
Constructive Fraud, should be dismissed under Federal Rule of
Civil Procedure 12(b)(6) because Plaintiff Bank of America fails
to state a claim for actual and constructive fraud against
Defendants Earle D. Munns, Jr. and Michael Andrew Byrd because
the economic loss rule bars claims based upon contract.  Second,
whether Counts Four and Five should be dismissed under Federal

1

Rule Civil of Procedure 12(b)(6) because Bank of America could
not have reasonably relied on the alleged false
misrepresentations of Defendants Mr. Munns and Mr. Byrd. Third,
whether Count Six, Conversion, should be dismissed under Federal
Rule of Civil Procedure 12(b)(6) because Plaintiff Bank of
America fails to assert title to the subject loan proceeds at
the time of the alleged conversion. The Court holds as to the
first issue, that Defendants' Motion is DENIED as to Counts Four
and Five because the economic loss rule does not bar claims for
fraudulent inducement to enter into a contract. Here, AC
technology's misrepresentation of accounts receivables in the
initial borrowing certificate and the stipulation that there
were no setoffs to the credit agreement induced Bank of America
to extend a line of credit to Defendants Mr. Munns and Mr. Byrd.
The Court holds as to the second issue, that Defendants' Motion
is DENIED as to Counts Four and Five because Bank of America
reasonably relied on the false statements in the initial
borrowing certificate proffered by Defendants Mr. Munns and Mr.
Byrd. The Court holds as to the third issue, that Defendants'
Motion is DENIED as to Count Six because the funds extended in
the line of credit can be converted and Bank of America alleged
their right to possession of the funds at the time of
conversion.

2

## I.   BACKGROUND

AC Technology is a corporate defendant in this suit and is owned by Defendants Mr. Munns and Mr. Byrd.  Mr. Munns and Mr. Byrd filed this 12(b)(6) motion on May 22, 2009 to dismiss count IV (fraudulent misrepresentation), count V (constructive fraud), and count VI (conversion).

## II.   DISCUSSION

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555.  A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss a complaint must set forth "a claim for relief that is plausible on its face." *Id.; Twombly*, 550 U.S. at 570.  A claim is

3

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 555 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

4

**B. Analysis**

The Court denies Mr. Munns' and Mr. Byrd's Motion to dismiss Count Four, Fraudulent Misrepresentation, Count Five, Constructive Fraud, and Count Six, Conversion, because the economic loss rule does not bar Bank of America from asserting fraud claims; Bank of America reasonably relied on the alleged false statements of AC Technology's accounts receivables in deciding to extend AC technology a line of credit and Bank of America has stated a claim for conversion by asserting their right to possession to the funds at the time of conversion.

*1. The Economic Loss Rule does not apply in this Case.*

The economic loss rule does not apply in this case because a fraudulent inducement to contract is not encompassed in the economic loss rule where the borrower made misrepresentations regarding AC Technology's present financial condition to induce the Bank to make a loan to the Bank's detriment. The economic loss rule provides that tort law is not designed to compensate parties for losses suffered as a result of a breach of contractual duties. *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.,* 236 Va. 419 (Va. 1988). "That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement." *Id.* at 425. "It remains the particular province of

the law of contracts." *Id.*   However, "If a party to a contract makes a false representation of a material fact, constituting an inducement to the contract, on which a party had a right to rely, such a misrepresentation is grounds for recovery in tort as well as contract." *George Robberecht Seafood. Inc. v. Maitland Bros. Co.,* 220 Va. 109 (Va. 1979). A fraudulent inducement to contract arises where there is a false representation of material fact, made intentionally and knowingly with intent to mislead and there is resulting damage to the party misled because of their reliance. *Hitachi Credit Am. Corp. v. Signet Bank,* 166 F.3d 614 (4th Cir. 1999). "The promisor's intention, his state of mind, is a matter of fact. When he makes the promise, intending not to perform, his promise is a misrepresentation of present fact, and if made to induce the promise to act to his detriment, is actionable as an actual fraud." *Colonial Ford Truck Sales v. Schneider,* 228 Va. 671, 677 (Va. 1985).

*Flip Mortgage Corp. v. McElhone* stands for the proposition that when individual defendants submit false revenue reports on behalf of a corporation for the purpose of inducing action, "fraud can be found in a breach of contract if the defendant did not intend to perform at the time of contracting." *Flip*

6

*Mortgage Corp., v. McElhone*, 841 F.2d 531 (4th Cit. 1988).[1]  In ¶ 19 and ¶¶ 32-34 of the complaint, Bank of America alleges that Mr. Munns and Mr. Byrd delivered a false initial borrowing base certificate grossly inflating the amount of AC Technology's accounts receivables and representing that there were no setoffs in order to induce the Bank to make the loan.[2]  Under *Flip*, the fraudulent action that Bank of America alleges can be brought in tort and is not barred by the economic loss rule because Mr. Munns' and Mr. Byrd's alleged misrepresentation constituted a misrepresentation of present fact to induce Bank of America to enter into a contract to issue a line of credit.  *Id.*  The false initial borrowing base grossly inflating AC Technology's

---

[1] *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671 (Va. 1985), "While failure to perform an antecedent promise may constitute breach of contract, the breach does not amount to fraud. But the promisor's intention -- his state of mind -- is a matter of fact. When he makes the promise, intending not to perform, his promise is a misrepresentation of present fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud." *Id.* at 677.

[2] "There are no setoffs, claims, or disputes existing or asserted with respect thereto." ¶ 19

"In order to obtain the initial Advance under the Credit Agreement, Defendant Mr. Munns delivered its initial Borrowing Base Certificate to Bank of America.... Mr. Byrd... represented to the Bank that its gross accounts receivable were, as of the date of the certificate, $9,788,299.19 ¶ 32

"According to AC Tech's official books and records, AC Tech had gross accounts receivable of only $3,525,650.98 as of the date of the initial Borrowing Certificate.... ¶ 33

"In reliance upon the schedule of 'existing indebtedness'... Bank of America advanced AC Tech $5,500,000 at the closing of the Loan. ¶ 34

accounts receivables and the statement that the accounts receivables had no setoffs demonstrates a misrepresentation of present fact that induced the Bank to issue a line of credit to their detriment.

*2. Bank of America Reasonably Relied on the Alleged Fraudulent Misrepresentation of Mr. Munns and Mr. Byrd*

Bank of America sufficiently alleges that they reasonably relied on the fraudulent inducement of Mr. Munns and Mr. Byrd. Because Bank of America alleges that they reasonably relied on the initial borrowing certificate proffered by Defendants Mr. Munns and Mr. Byrd, the Defendants' motion is denied as to Counts Four and Five.

Defendants here contend that Bank of America could not reasonably rely upon the false borrowing certificate containing the accounts receivable information AC Technology submitted. Where Bank of America asked questions about AC Technology's financial situation, Defendants contend that Bank of America began inquiring into AC Technology's financials and should be held responsible for their inadequate inquiry.  However, *Hitachi Credit Am. Corp., v. Signet Bank*, stands for the proposition that, "one cannot, by fraud and deceit, induce another to enter into a contract to his disadvantage, then escape liability by

8

saying that the party to whom the misrepresentation was made was negligent in failing to learn the truth." *Hitachi Credit Am. Corp., v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999). Furthermore, in *Miller v. Premier Corp.*, the court held that the issue of whether Bank of America reasonably relied on the alleged fraudulent misrepresentation of Mr. Munns and Mr. Byrd is not proper under a 12(b)(6) motion because it is a question for the trier of fact to determine. *Miller v. Premier Corp.*, 608 F.2d 973, 983 (4th Cir. 1979).  Bank of America sufficiently pleads that it relied upon the documents presented by the Defendants.[3]  Bank of America alleges that it is because of the fraudulent initial borrowing base certificate that the Bank was induced to extend a line of credit to Defendants.  *Hitachi* holds that a defendant cannot induce an action through fraud and then escape liability by claiming that reliance was not reasonable. *Miller* holds that, "these issues of reliance and its reasonableness, going as they do to subjective states of mind and applications of objective standards of reasonableness, are preeminently factual issues for the trier of fact." *Miller* 608 F.2d at 983.  Because Bank of America asserts in their pleading

---

[3] "We understand that you are relying upon this Report and supporting documents in granting credit to us."  Borrowing base certificate Complaint Exhibit 1.

that they reasonably relied on the initial borrowing certificate proffered by Defendants, Defendants cannot claim that Bank of America's reliance on their alleged misrepresentations were not reasonable under *Hitachi*.

For the reasons stated above it is ordered Defendants' Motion to Dismiss is denied as to Counts Four and Five because the economic loss rule does not bar Bank of America's fraud claim and that Defendants' Motion is denied as to Counts Four and Five because Bank of America sufficiently pleaded that they reasonably relied on the initial borrowing certificate proffered by Defendants Mr. Munns and Mr. Byrd.

*3. Bank of America Sufficiently Alleges Title to the Subject Funds at the Time of the Alleged Conversion.*

The Court denies Defendants' Motion to Dismiss Count Six, Conversion, because Bank of America has alleged the elements of conversion including its right to possession of the subject funds at the time of conversion.

The elements of conversion in Virginia are "(i) the ownership or right to possession of the property at the time of the conversion; and (ii) the wrongful exercise of dominion or control by defendant over the plaintiff's property, thus

10

depriving plaintiff of possession." *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 664 (E.D.Va 2001)(citing *Universal C.I.T. Credit Corp. v. Kaplan*, 192 Va. 67, 92 (1956)). "An action for conversion can be maintained only by the person having a property interest in and entitled to immediate possession of the item alleged to have been wrongfully converted." *Economopoulos v. Kolaitis*, 259 Va. 806, 814 (Va. 2000).

Bank of America cites to ¶¶ 54[4], 57, 62 of the complaint and Complaint Ex. A at § 7.1, D at § 18, and F at § 18, to demonstrate where it asserts that it had the right to possession to the subject funds. Bank of America claims that because the subject funds were obtained through fraudulent misrepresentation, the notes were in default *ab initio* and therefore were in Bank of America's possession at the time of the conversion.

In *Airlines Reporting Corp., v. Pishvaian*, the court reasoned that in a debtor-creditor relationship where the debtor has commingled assets to which restrictions applied a claim of conversion can lie if the creditor had a right to possession of

---

[4] "Following its default under the note the sum of $5,132,074,81 is immediately due and payable from AC Tech to Bank of America...."

the funds at the time of conversion. *Airlines Reporting Corp., v. Pishvaian,* 155 F. Supp. 2d 659 (E.D.Va Aug. 8, 2001). In *Airlines Reporting Corp.,* a corporation and the travel company entered an agreement through which the corporation provided blank airline ticket stock to the travel company for issuance to its customers. The corporation argued the owner was liable for conversion of the corporation's blank ticket stock and proceeds from the sale of ticket stock. The relationship between the parties as to ticket sales proceeds was not one of trust, but rather a debtor-creditor relationship; the agreement did not prohibit permissive commingling of "trust" assets with general assets of the company, and did not contain restrictions on use of the funds. *Airlines Reporting Corp.,* demonstrates that money can be converted.

Therefore, Bank of America has properly alleged count Six and the Defendants' motion is denied.

### III.CONCLUSION

Defendants Mr. Munns' and Mr. Byrd's Motion to Dismiss Counts Four, Five, and Six of Plaintiff Bank of America's Complaint is DENIED.  The motion is denied because the economic

loss rule does not bar Bank of America from bringing their fraud claims; Bank of America adequately asserts their reasonable reliance on the alleged misrepresentation of the initial borrowing base; and money can be converted and Bank of America sufficiently alleged their right to possession to the subject funds at the time of the conversion.

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss Counts Four, Five, and Six of the complaint is DENIED.  It is further

ORDERED that Defendants' Motion is DENIED as to Counts Four and Five because the economic loss rule does not apply because the alleged misrepresentation of AC Technology's accounts receivables in the initial borrowing certificate and the stipulation that there are no setoffs to the credit agreement were a misrepresentation of present fact that induced Bank of America to extend a line of credit to Defendants Mr. Munns and Mr. Byrd to the detriment of Bank of America.  It is further

ORDERED that Defendants' Motion is DENIED as to Counts Four and Five because Bank of America reasonably relied on the

initial borrowing certificate proffered by Defendants Mr. Munns and Mr. Byrd.  It is further

ORDERED that Defendants' Motion is DENIED as to Count Six because money can be converted and Bank of America alleged their right to possession of the funds at the time of conversion.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this *22nd* day of July, 2009.

                                    _____/s/_____
                                    Gerald Bruce Lee
                                    United States District Judge

                                    _____
                                    Gerald Bruce Lee
                                    United States District Judge

Alexandria, Virginia
    07/ *22* /09
                              14