IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BANK OF AMERICA, N.A. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:09 CV 00391-GBL-TCB |
| ) | |
| AC TECHNOLOGY, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
TO STAY PROCEEDINGS PENDING ARBITRATION**

Plaintiff, Bank of America, N.A. ("Bank of America" or the "Bank"), by its undersigned counsel, and in opposition to defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration (Docket No. 42), states as follows:

**I.     INTRODUCTION**

On April 8, 2009, Bank of America filed a Verified Complaint against AC Technology, Inc., ("AC Technology"), Earle D. Munns ("Munns"), and Michael Andrew Byrd ("Byrd"), alleging breach of contract, fraud, and conversion with respect to a loan taken out by AC Technology and guaranteed by Munns and Byrd.

Since the filing of the Complaint, the defendants have participated in the litigation in this forum with no evident intent to submit it to arbitration. Among other things, defendants: (1) filed and argued a substantive motion seeking dismissal of the fraud and conversion counts; (2) filed Answers containing jury demands; (3) demanded the production of Rule 26 initial disclosures; (4) propounded written discovery requests; and (5) obtained plaintiff's expert

disclosures as required by Rule 26. In fact, defendants' arbitration demand is a direct response to plaintiff's request for summary judgment based on the indisputable default of the relevant loan documents.

Bank of America has incurred significant expenses in pursuing its claim for approximately $5 million dollars due to defendants' breach and fraudulent activities. The Bank's ability to recover against existing collateral and defendants' receivables will be harmed by what appears to be a tactical effort to forestall judgment on the contract claims. As a result, defendants' motion to dismiss or stay the case pending arbitration should be denied.

## II.    HISTORY OF DEFENDANT'S ACTIVE PARTICIPATION BEFORE THIS COURT

Bank of America filed its Complaint in this proceeding on April 9, 2009. The contracts containing the agreement to arbitrate were all attached as exhibits to the Complaint. *See* Credit Agreement, Complaint at Ex. A; Munns Guarantee, Complaint at Ex. D; Byrd Guarantee, Complaint at Ex. E.

After moving for an extension of time to respond (Docket No. 7), AC Technology filed an answer on May 22nd (Docket No. 19). This answer contained general denials of the allegations, and raised several affirmative defenses, but did not raise as an affirmative defense (or otherwise) that the claims were subject to mandatory arbitration. Notably, AC Technology's Answer contained a demand for trial by jury.

On the same day that AC Technology filed its answer, defendants Munns and Byrd filed a Motion to Dismiss (Docket No. 18). This Motion raised several substantive arguments regarding the Bank's claims for fraud and conversion, but did not raise the issue of arbitration. Bank of America filed an opposition to this Motion (Docket No. 25), and defendants filed a reply (Docket No. 28). The Motion was argued on June 26th before Judge Lee (Docket No. 30), and

denied from the bench (Docket No. 32). Neither in their pleadings, in their moving papers, nor during oral argument did any defendant raise the issue of arbitration.

In early June, counsel for the parties met and conferred regarding a proposed discovery plan. The Bank proposed waiver of the Rule 26(a)(1) initial disclosures, but defendants' counsel insisted that the disclosures be exchanged. The parties exchanged these disclosures in mid-June.

Their Motion to Dismiss having been denied, defendants Munns and Byrd filed an Answer on July 6th (Docket No. 31). Like AC Technology, defendants Munns and Byrd included a jury demand, but did not raise the defense of arbitration.

On July 22nd, Bank of America filed a Motion for Summary Judgment (Docket No. 33) on its contract claims. This motion has been fully briefed and is set for hearing on September 11.

Defendants have also served Bank of America with discovery requests consisting of twenty-three (23) interrogatories and twenty-seven (27) requests for production.[1] Bank of America has likewise served written discovery requests on all three defendants, and served its Rule 26 expert disclosure per the agreed upon Scheduling Order in this matter.

Defendants first alluded to the prospect of arbitration in their opposition to plaintiff's motion for summary judgment. On August 11th, defendants filed a claim with the American Arbitration Association ("AAA"), attaching the Complaint, Answers, Motion for Summary Judgment, and Opposition.[2] On August 18, nearly four months after the Complaint was served on the defendants, defendants moved to dismiss the case or stay it pending arbitration.

---

[1] The Bank has sought a brief two week extension of its time to respond to these requests.
[2] Rather than simply moving to stay the court proceedings and then allowing the Bank to file a claim in arbitration, the defendants filed the arbitration demand themselves. Although defendants alleged no claims and sought no remedies against the Bank, they styled themselves and the claimants and the Bank as the respondent. According to a subsequent letter from the AAA, they have not yet paid the appropriate fees.

3

**III.    ARGUMENT**

   **A.    A Party Knowingly Waives Its Right to Arbitration By Active Participation In Litigation Before This Court**

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, provides that the federal courts may stay a suit upon an issue referable to arbitration, "providing that the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Thus, the court may only grant the stay if two conditions are met: (1) the matter must be referable to arbitration; and (2) the party seeking the stay must not be in default in proceeding with arbitration. *American Heart Disease Prevention Foundation v. Hughey*, 1997 U.S. App. LEXIS 1806 (4th Cir. 1997) (attached hereto as Exhibit A).

The principle of "default" in proceeding with arbitration is akin to waiver; and "[a] party may waive its right to insist on arbitration if the party so substantially utilizes the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Microstrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) (internal quotations omitted). In analyzing whether a party has waived its right to insist on arbitration, "delay and the extent of the moving party's trial-oriented activity are material factors in assessing a plea of prejudice." *Fraser v. Merrill Lynch Pierce, Fenner & Smith*, 817 F.2d 250, 252 (4th Cir. 1987) (internal quotations omitted) (cited favorably in *Microstrategy*, 268 F.3d at 249). If a party "engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, *i.e.*, prejudiced." *Id.*

Furthermore, the existence of a binding arbitration clause is properly pled as an affirmative defense in the answer. Fed. R. Civ. P. 8(c); *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 96 (4th Cir. 1996).

B. **<u>By filing responsive pleadings, engaging in substantive motions practice, and commencing discovery, Defendants have proceeded with litigation in a manner inconsistent with an intent to arbitrate.</u>**

Defendants' conduct in this litigation has been wholly inconsistent with a desire to arbitrate. First, defendants failed to raise the issue of arbitration in their answers. Answer of AC Technology (Docket No. 19); Answer of Individual Defendants (Docket No. 31). As an affirmative defense, arbitration should be pled in the Answer, so that the plaintiff is on notice of the defendant's intent to seek arbitration. Fed R. Civ. P. 8(c); *American Recovery Corp.,* 96 F.3d at 96. Rather than provide notice that they intended to seek arbitration, defendants included a jury demand in their answers. This suggests that the defendants had considered the alternative methods of resolving this dispute, and selected trial by jury.

Additionally, defendants' motions practice has been inconsistent with a desire to arbitrate this dispute; in fact, the defendants' first Motion to Dismiss (Docket No. 18) evidences a clear intent to have the merits of the Bank's claims decided by this Court. While motions based on procedural and jurisdictional issues do not necessarily constitute a waiver of arbitration, *see Hughey*, 1997 U.S. App. LEXIS 1806, this reasoning is inapposite to facts of the present case. Rather than seeking to cure procedural defects before it moved to arbitrate, defendants launched a substantive attack on the Bank's Complaint. They made use of the resources of this Court to challenge the validity of the Bank's claims for fraud and conversion. After making use of the litigation machinery to have this court rule on a substantive issue, the defendants cannot reasonably say that they demonstrated an intent to have the merits of this case decided by arbitration.

Additionally, defendants have acted inconsistent with an intent to arbitrate by initiating discovery on the merits of arbitrable claims. In contrast to decisions that have ruled against waiver based on discovery of "non-arbitrable claims," *see, e.g., Rush v. Oppenheimer & Co.* 779

5

F.2d 885, 889 (2d Cir. 1985) (cited in *Microstrategy*, 268 F.3d at 251), defendants' discovery requests are directed toward discovering the substantive basis of all of the Bank's claims, and the defendants have alleged that all of the Bank's claims are arbitrable. Defendants' requests represent a significant use of this Court's litigation procedures to obtain discovery on the merits of the Bank's claims. Again, this is inconsistent with a desire to have the merits of those claims determined by the arbitration proceedings.

      **C.**    **Bank of America will be prejudiced by the delay, unnecessary expense, and inability to bring other parties in to the arbitration.**

While the Bank desires the "just, speedy, and inexpensive determination" of its claims, Fed. R. Civ. P. 1, the defendants have understandably directed their efforts towards the creation of delay. As explained more fully in plaintiff's Reply Memorandum in Support of Motion for Summary Judgment (Docket No. 41), the defendants have not – and cannot – challenge their liability to the Bank for breach of contract. Defendants' reply to the Bank's Motion for Summary Judgment essentially concedes the question of liability, and the only defense they have mustered is to the *measure* of their indebtedness to the Bank. Defendants only raised the issue of arbitration after the Bank moved for summary judgment, *i.e.*, when it appeared that the Bank's claims would soon be adjudicated on their merits and defendants sought to delay the inevitable entry of judgment.

The delay that would result from staying this case for arbitration would prejudice the Bank. The Bank's Motion for Summary Judgment on its breach of contract claims is fully briefed (and was fully briefed prior to the defendants' filing their Motion to Dismiss), and is ripe for decision.[3] If the Bank must now refile that Motion in arbitration, it will suffer undue delay. This delay will be especially prejudicial in the instant case because of the potential harm to the

---

[3] Even if this Court is inclined to stay the fraud claims pending arbitration, it should rule on the Bank's Motion for Summary Judgment on the breach of contract claims before doing so.

6

Bank's ability to collect a judgment. Some of AC Technology's accounts receivable are still outstanding, and may become easier to collect by the Bank upon entry of judgment in its favor. Absent speedy entry of such judgment, the Bank risks diversion of these accounts receivable, leaving AC Technology less able to satisfy the judgment.

Also attendant to such a delay, the Bank will suffer the prejudice of unnecessary litigation expenses. It has already expended significant effort in fully briefing and arguing an earlier substantive motion to dismiss, in briefing its motion for summary judgment, in responding to defendants' discovery requests, in drafting discovery requests of its own, and preparing the Bank's expert designation and related expert report.

In addition to delay and expense, the Bank would be prejudiced by an inability to bring other parties in to the arbitration. Presently, the Bank has alleged fraud against defendants Munns and Byrd; but it believes that it may have related claims against other persons not a party to any contracts with the Bank. When the identities and roles of these persons can be determined through discovery, the Bank will likely seek to amend its Complaint to assert causes of action against them. These causes of action will likely share a significant nexus of fact with the claims asserted against Munns and Byrd. If the Bank's claims against Munns and Byrd are dismissed in favor of arbitration, the Bank will likely need to engage in two parallel proceedings – presenting the same witnesses and evidence both to this court and to the arbitrator.

Finally, the Bank would be prejudiced by the questionable authority of an arbitrator to subpoena third parties for deposition. *See Comsat Corp. v. Nat'l. Science Found*, 190 F.3d 269, 275 (4th Cir. 1999). Bank of America believes that significant information relating to its fraud counts is in the possession of third parties, including current and former owners of AC

7

Technology who are not party to any contracts with Bank of America. The Bank will be prejudiced if it cannot discover this information.[4]

## IV.     CONCLUSION

WHEREFORE, Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration should be denied.

Respectfully submitted,

/s/ Paul M. Vincent
Nikolaus F. Schandlbauer (admitted *pro hac vice*)
E. John Steren (admitted *pro hac vice*)
Paul M. Vincent, Esq. (VSB No. 08324)
David A. Edelstein (VSB No. 74854)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005-2110
(202) 408-8400
(202) 408-0640 facsimile

---

[4] For this reason, if this Court decides to submit this dispute to arbitration, the court proceedings should be stayed rather than dismissed. The Fourth Circuit in *Comsat* contemplated that a party in arbitration may need to "petition the district court to compel pre-arbitration discovery." *Comsat*, 190 F.3d at 276. Bank of America believes such a petition may be necessary in this case.

8

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of September, 2009, I served Plaintiff's Opposition to Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration, together with all attachments thereto upon the counsel listed below using the CM/ECF system.

Roger A. Morrison
Farkas & Toikka LLP
1101 30th Street, NW
Washington, DC 20007
202-337-7803
202-337-7806 (fax)
ram@farkastoikka.com

Counsel for Defendants

       /s/ David A. Edelstein
David A. Edelstein

161251